2024-08651

**F**

Section 14

**FILED**
2024 SEP 20  P 04:08
CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

NO:                                                        DIVISION " "

**CITIGROUP INVESTMENTS, LLC and**

**BLUE BLOCK REALTY & PROPERTY MANAGEMENT LLC**

**VERSUS**

**CENTURY SURETY COMPANY**

FILED:_____    _____
                                                        **DEPUTY CLERK**

## PETITION FOR DAMAGES

The Petition of **CITIGROUP INVESTMENTS, LLC and BLUE BLOCK REALTY & PROPERTY MANAGEMENT LLC** (collectively "Petitioners") both domestic companies domiciled in Jefferson Parish, State of Louisiana who respectfully represent:

1.

Defendant, CENTURY SURETY COMPANY ("CENTURY"), is a domestic insurance company, domiciled in Ohio and/or with its principal place of business in Ohio, and is authorized to do, and doing, business in Orleans Parish. Defendant, at all material times hereto, provided commercial property insurance coverage to Petitioners for their fourteen unit apartment complex located at 400 North Galvez, New Orleans, Louisiana 70119.

2.

Venue is proper in Orleans Parish under Louisiana Code of Civil Procedure insofar as the loss occurred in Orleans Parish.

3.

Defendant is justly and truly indebted jointly, severally, and *in solido* to Petitioners herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

4.

Petitioners obtained a commercial property insurance policy from Defendant, CENTURY, for a period of November 24, 2021 to November 25, 2022, identified as Policy No. CCP-1012974 ("Policy").

VERIFIED

1

Kasie Jiles
2024 SEP 23   A 09:42

**EXHIBIT C**

2024-08651



Section 14

FILED

2024 SEP 20   P 04:08

CIVIL

DISTRICT COURT

5.

Pursuant to the terms and conditions of the Policy, Petitioners are entitled to coverage against certain perils associated with fire, in the event that the buildings and/or structures owned by the Petitioners, and located on the premises, should they become damaged or rendered a total loss as a result of such insured perils.

6.

At all times material hereto, the Policy was in full force and effect and the annual premium had been paid in full.

7.

On or about October 20, 2022, a fire occurred on the premises damaging several of the units on the property, including but not limited to Unit 4.

8.

Petitioners' building and structure were substantially damaged as a result of the fire and Petitioners incurred, or will incur, business income losses due to their inability to rent the dwelling as a result of damages from the fire.

9.

Shortly after, Petitioners timely reported the claim to Defendant for the damage sustained to the commercial property, an apartment complex.

10.

On or about October and/or November of 2022, Petitioners' property was inspected by Defendant, his insurer, CENTURY. The claim was assigned claim number 01-109456 ("the Claim").

11.

Defendant allegedly inspected the property after the fire, presumably in October and/or November of 2022, and declined coverage citing a report of alleged vacancy.

12.

The Petitioners reporting their claim and providing the Defendant an opportunity to inspect the property damages on or about October 20, 2022 constituted satisfactory proof of loss in accordance with the terms and conditions of the Policy.

2

E-Filed

EXHIBIT C

2024-08651



Section 14

FILED
2024 SEP 20  P 04:08
CIVIL
DISTRICT COURT

13.

In addition to failing to assess the damage and produce any report whatsoever from their inspection, Defendant failed to tender *any* funds for the damages.

14.

As additional satisfactory proof of loss, Petitioners provided rental leases, a 2022 spreadsheet of occupancy, and Entergy invoices.

15.

Defendant delayed, denied, and refused full payment of the claim.   Consequently, Petitioners suffered damages in the amount of full, fair, and just compensation for their actual losses which have never been paid, forcing them to hire undersigned counsel.

16.

The Policy insured against damages to covered property as well as business income losses resulting from the fire and property damages therefrom.  None of the exclusions in the Policy apply to preclude coverage for the damages sustained.


WHEREFORE, Petitioners, **CITIGROUP INVESTMENTS, LLC and BLUE BLOCK REALTY & PROPERTY MANAGEMENT LLC,** pray that Defendant, **CENTURY SURETY COMPANY,** be served with a copy of this Petition and that, after all legal delays, it be required to answer same and after all proceedings, there be judgment in favor of Petitioners and against Defendant for all deficiencies not paid under this policy and for all general and special damages sustained together with legal interest of pre and post judgment from the date of demand until paid, for all costs of these proceedings, all general and equitable relief allowed, as well as any other relief the Court may deem necessary, just and proper.

Respectfully submitted,

CRAIG M. ROBINSON (Bar No. 32934)
*Robinson Law Offices, LLC*
700 Camp Street
New Orleans, Louisiana 70130
T: (504) 458-5100
F: (504) 717-4627
E: craig@rlolegal.com

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

-AND-

3

**EXHIBIT C**

2024-08651



Section 14

FILED
2024 SEP 20   P 04:08
CIVIL
DISTRICT COURT

GEORGE G. ANGELUS (Bar No. 2496)
*George G. Angelus, PLC*
700 Camp Street
New Orleans, Louisiana 70130
T: (504) 524-4608
F: (504) 934-2000
E: gangelus4@aol.com

*ATTORNEYS FOR PETITIONERS*

PLEASE SERVE:

CENTURY SURETY COMPANY
Through its registered agent:
LOUISIANA SECRETARY OF STATE
8585 Archives Ave.
Baton Rouge, LA 70809

A TRUE COPY
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

4

E-Filed

**EXHIBIT C**

ATTORNEY'S NAME:  Angelus, George G 02496
AND ADDRESS:      700 Camp St , New Orleans, LA 70130-3702

$40.44

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2024-08651          DIVISION: F          SECTION: 14

## CITIGROUP INVESTMENTS, LLC ET AL

### Versus

## CENTURY SURETY COMPANY

### CITATION

TO:        CENTURY SURETY COMPANY

THROUGH:   ITS REGISTERED AGENT: LOUISIANA SECRETARY OF STATE

           8585 ARCHIVES AVE., BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading within the delay provided by Civil Code of Procedure Article 1001. The mentioned article is noted on the back of this page for your reference. You may make your filing in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA 70112.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may contact the New Orleans Lawyer Referral Service at https://neworleansbar.community.lawyer/. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA September 24, 2024**

Clerk's Office, Room 402          CHELSEY RICHARD NAPOLEON, Clerk of
Civil Courts Building             The Civil District Court
421 Loyola Avenue                 for the Parish of Orleans
New Orleans, LA 70112             State of LA
                                  by Malik Haley
                                  **Malik Haley, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON  CENTURY SURETY COMPANY | ON  CENTURY SURETY COMPANY |
| THROUGH:  ITS REGISTERED AGENT: LOUISIANA SECRETARY OF STATE | THROUGH:  ITS REGISTERED AGENT: LOUISIANA SECRETARY OF STATE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said CENTURY SURETY COMPANY being absent from the domicile at time of said service. |
| _____  No. _____ | |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | |
| _____ / ENTERED / _____ | Returned _____ |
| [ PAPER / RETURN 01 ] | Deputy Sheriff of _____ by tendering a copy JULIE NESBITT |
| SERIAL NO.    DEPUTY    PARISH | DY: B. CARAFOLA #0577 |
| | Deputy Sheriff, Parish of East Baton Rouge, LA |

VERIFIED

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

**EXHIBIT C**



## Civil Code of Procedures
## Article 1001

Art. 1001. Delay for answering

 A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.

 B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

 C. The court may grant additional time for answering.

 Acts 2021, No. 174, §1, eff. Jan. 1, 2022.

**EXHIBIT C**

FILED

2024 NOV 14  P 02:09

CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

No. 2024-08651                    DIV. "F"                    Sect. "14"

**CITIGROUP INVESTMENTS, LLC and
BLUE BLOCK REALTY & PROPERTY MANAGEMENT, LLC**

**VERSUS**

**CENTURY SURETY COMPANY**

FILED:_____          _____
                                                    **DEPUTY CLERK**

## REQUEST FOR NOTICE

**NOW INTO COURT**, through undersigned counsel, comes Century Surety Company

("Century") who hereby requests written notice of the date of trial at least ten (10) days before the

date fixed for trial and ten (10) days-notice of all hearings, whether on the merits or otherwise.  It

is further requested that written notice of signing or rendition be provided for all orders, judgments,

and interlocutory decrees, and any and all formal steps taken by the parties herein, as provided by

the Louisiana Code of Civil Procedure articles 1572, 1913 and 1914.

Respectfully Submitted:

/s/ _Céleste Laurie_

**Céleste D. Elliott, La. Bar No. 24068**
**Sarah C. Laurie, La. Bar No. 35719**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: celliott@lawla.com
           slaurie@lawla.com
**Attorneys for Century Surety Company**

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

## CERTIFICATE OF SERVICE

I hereby certify that on this November 14, 2024, a copy of this pleading has been served
on all counsel of record via the Court's CM/ECF filing system and/or via email.

/s/ _Sarah Laurie_
Sarah C. Laurie

VERIFIED

Kasie Jiles

2024 NOV 15  A 08:55

**EXHIBIT C**

**FILED**

2024 NOV 14  P 02:08

CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**

No. 2024-08651                    **DIV. "F"**                    Sect. "14"

**CITIGROUP INVESTMENTS, LLC and**
**BLUE BLOCK REALTY & PROPERTY MANAGEMENT, LLC**

**VERSUS**

**CENTURY SURETY COMPANY**

FILED:_____          _____
                                          **DEPUTY CLERK**

**CENTURY SURETY COMPANY'S**
**ANSWER AND DEFENSES TO PETITION FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Century Surety

Company ("Century"), which submits the following Answer and Defenses to the Petition for

Damages filed by Citigroup Investments, LLC and Blue Block Realty & Property Management,

LLC (collectively, "Plaintiffs"), as follows:

**ANSWER**

In response to the allegations contained within the Petition for Damages ("Petition"),

Century avers as follows:

1.

Century denies the allegations in paragraph 1 of the Petition except to admit that Century

issued a commercial lines policy to Citi Group Investments, LLC and Blue Block Realty &

Property Management, LLC, bearing Policy number CCP 1012974, in effect from 11/24/21–

11/24/22 ("Policy"), for the insured premises located at 400 North Galvez, New Orleans, LA

70119 (the "Property"), which Policy is subject to the terms, conditions, limitations, and exclusions

contained therein, all of which are incorporated herein by reference as if fully set forth herein.

Century avers the Policy is the best evidence of its contents and any allegations that tend to expand,

modify or vary the terms and conditions of the Policy are expressly denied. Century further states

that it is a foreign insurance company approved to issue policies in Louisiana through a surplus

lines broker. To the extent the allegations contained within paragraph 1 imply or can be construed

to constitute a legal conclusion, they are also denied on that basis.

2.

The allegations in paragraph 2 of the Petition assert legal conclusions as to venue that

require no response. To the extent a response is deemed necessary, Century does not dispute that

**VERIFIED**

Kasie Jiles

**EXHIBIT C**

FILED

2024 NOV 14  P 02:08
CIVIL
DISTRICT COURT

this Honorable Court is a proper venue for this lawsuit.

### 3.

The Century denies the allegations in paragraph 3 of the Petition.

### 4.

Century admits it issued the Policy, which Policy is subject to the terms, conditions, limitations, and exclusions contained therein, all of which are incorporated herein by reference as if fully set forth herein.  Century avers the Policy is the best evidence of its contents and any allegations that tend to expand, modify or vary the terms and conditions of the Policy are expressly denied.  To the extent the allegations contained within paragraph 4 imply or can be construed to constitute a legal conclusion, they are also denied on that basis.

### 5.

Century denies the allegations in paragraph 5 of the Petition, except to admit that Century issued the Policy, which Policy is subject to the terms, conditions, limitations, and exclusions contained therein, all of which are incorporated herein by reference as if fully set forth herein. Century avers the Policy is the best evidence of its contents and any allegations that tend to expand, modify or vary the terms and conditions of the Policy are expressly denied.  To the extent the allegations contained within paragraph 5 imply or can be construed to constitute a legal conclusion, they are also denied on that basis.

### 6.

In response to paragraph 6, Century admits that Plaintiffs paid certain premiums and in exchange, Century issued the Policy, which Policy is subject to the terms, conditions, limitations, and exclusions contained therein, all of which are incorporated herein by reference as if fully set forth herein. Century avers the Policy is the best evidence of its contents and any allegations that tend to expand, modify or vary the terms and conditions of the Policy are expressly denied.  To the extent the allegations contained within paragraph 6 imply or can be construed to constitute a legal conclusion, they are also denied on that basis.

### 7.

The allegations in paragraph 7 of the Petition do not relate to Century and further constitute legal conclusions, and therefore do not require a response from Century.  To the extent a response is deemed necessary, the allegations in Paragraph 7 are denied.

### 8.

2

EXHIBIT C

FILED

2024 NOV 14  P 02:08

CIVIL

DISTRICT COURT

Century denies the allegations in paragraph 8 of the Petition for lack of information sufficient to justify a belief therein. To the extent the allegations contained within Paragraph 8 imply or can be construed to constitute a legal conclusion, they are also denied on that basis.

9.

The allegations in paragraph 9 of the Petition are denied, except to admit that Century received notice of Plaintiffs' fire claim on or about November 3, 2022. To the extent the allegations contained within paragraph 9 imply or can be construed to constitute a legal conclusion, they are also denied on that basis.

10.

The allegations in paragraph 10 of the Petition are denied, except to admit that an inspection was performed by Sedgwick on November 22, 2022, and the claim was assigned claim number 01-109456 . To the extent the allegations contained within paragraph 10 imply or can be construed to constitute a legal conclusion, they are also denied on that basis.

11.

The allegations in paragraph 11 of the Petition are denied, except to admit that an inspection was performed by Sedgwick on November 22, 2022, and that based on the Policy language, coverage was denied. To the extent the allegations contained within paragraph 11 imply or can be construed to constitute a legal conclusion, they are also denied on that basis.

12.

Century denies the allegations in paragraph 12 of the Petition. Century further denies any allegations to the extent they imply or can be construed to constitute a legal conclusion.

13.

The allegations contained within paragraph 13 of the Petition are denied. To the extent the allegations contained in paragraph 13 imply or can be construed to constitute a legal conclusion, they are also denied on that basis. In further answer, Century admits it did not tender any funds for the damages because the claim was denied for lack of coverage.

14.

Century denies the allegations in paragraph 14 of the Petition, except to admit that Plaintiffs' counsel provided certain rental leases, a spreadsheet, and Entergy invoices to Century. To the extent the allegations refer to written documents, Century avers the written documents are the best evidence of their contents and any allegations that tend to expand, modify or vary the

3

EXHIBIT C

FILED

2024 NOV 14  P 02:08

CIVIL
DISTRICT COURT

terms and conditions of the written documents are expressly denied. Century further denies any allegations to the extent they imply or can be construed to constitute a legal conclusion.

15.

Century denies the allegations in paragraph 15 of the Petition. Century further denies the allegations in paragraph 15 for lack of information sufficient to justify a belief therein.

16.

Century denies the allegations in paragraph 16 of the Petition, except to admit that Century issued the Policy, which Policy is subject to the terms, conditions, limitations, and exclusions contained therein, all of which are incorporated herein by reference as if fully set forth herein. Century avers the Policy is the best evidence of its contents and any allegations that tend to expand, modify or vary the terms and conditions of the Policy are expressly denied. To the extent the allegations contained within paragraph 16 imply or can be construed to constitute a legal conclusion, they are also denied on that basis. Century specifically denies any allegations which imply coverage exists under the Policy for any of the alleged damages sustained.

17.

The final paragraph of the Petition, paragraph 17, beginning with "WHEREFORE. . ." contains Plaintiffs' prayers for relief and, therefore, requires no response from Century. Nonetheless, Century denies that Plaintiffs are entitled to any of the relief requested therein from Century and demands strict proof of same.

## DEFENSES

AND NOW, in further answer to the Petition and without assuming any burdens not otherwise imposed by law, Century asserts the following defenses that may be available to it in this matter. Should any of these defenses be deemed inconsistent in any way, then they should be considered as being pled in the alternative:

## FIRST DEFENSE

The Petition fails to state a claim against Century upon which relief may be granted.

## SECOND DEFENSE

The Petition fails to provide sufficient specificity in the allegations to permit a full response thereto, and, consequently, Century reserves its right to raise any and all defenses under the Policy at issue or applicable law until the precise nature of the claims are ascertained through discovery or amendment to the pleadings.

4

EXHIBIT C

FILED

2024 NOV 14  P 02:08

CIVIL

DISTRICT COURT

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged damages fall outside the scope of coverage provided by the Policy and/or are barred by the terms, conditions, limitations and/or exclusions contained in the Policy, all of which are incorporated herein by reference.

### FOURTH DEFENSE

Coverage is precluded, in whole or in part, to the extent Plaintiffs' claimed losses fall outside the insuring language of the Policy.

### FIFTH DEFENSE

The Policy provides the coverages and amounts of insurance shown in the Declarations, which is incorporated by reference as if fully set forth herein. Plaintiffs' claims are barred, in whole or in part, to the extent that the claims asserted are not for coverages and amounts of insurance shown in the Declarations.

### SIXTH DEFENSE

No coverage exists to the extent Plaintiffs' claimed losses fall within a Policy deductible or fail to satisfy the coinsurance requirements.

### SEVENTH DEFENSE

No coverage exists to the extent Plaintiffs' claimed losses exceed any applicable limit of insurance or time limit specified in the Policy.

### EIGHTH DEFENSE

No coverage exists to the extent Plaintiffs' claimed losses were not to "Covered Property" as specified in the Policy.

### NINTH DEFENSE

No coverage exists to the extent Plaintiffs' claimed losses were to "Property Not Covered" as specified in the Policy.

### TENTH DEFENSE

No coverage exists to the extent Plaintiffs' claimed losses were not caused by a "Covered Causes of Loss" as specified in the Policy.

### ELEVENTH DEFENSE

Coverage is precluded, in whole or in part, to the extent Plaintiffs' claimed losses fall within an exclusion and/or limitation to the coverage provided by the Policy.

5

EXHIBIT C

FILED

2024 NOV 14  P 02:08
CIVIL
DISTRICT COURT

## TWELFTH DEFENSE

Coverage is barred, in whole or in part, to the extent Plaintiffs seek to recover losses attributable to an Ordinance or Law that are not covered under the Policy.

## THIRTEENTH DEFENSE

Coverage is barred, in whole or in part, to the extent Plaintiffs seeks to recover losses attributable to the failure of power or other utility service, except as may be provided in the Policy's Food Spoilage Resulting From Power Outage provision to the extent that provision applies.

## FOURTEENTH DEFENSE

Coverage is precluded, in whole or in part, to the extent the following conditions in the Policy have been violated and/or not satisfied:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
* * *

E:    **Loss Conditions**
      The following conditions apply....
      **1. Abandonment**
         There can be no abandonment of any property to us.

***

## FIFTEENTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy:

1.    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
      ***
      **h. "Fungus", Wet Rot, Dry Rot And Bacteria**
         Presence, growth, proliferation, spread or any activity of "fungus", wet or dry rot or bacteria.
         But if "fungus", wet or dry rot or bacteria result in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".
         This exclusion does not apply:
         (1) When "fungus", wet or dry rot or bacteria result from fire or lightning; or
         (2) To the extent that coverage is provided in the Additional Coverage, Limited Coverage For "Fungus", Wet Rot, Dry Rot And Bacteria, with respect to loss or damage by a cause of loss other than fire or lightning.
         Exclusions **B.1.a.** through **B.1.h.** apply whether or not the loss event results in widespread damage or affects a substantial area.

## SIXTEENTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy:

2.    We will not pay for loss or damage caused directly or

6

EXHIBIT C

FILED

2024 NOV 14  P 02:08

CIVIL

DISTRICT COURT

indirectly by any of the following.
***

**b.** Delay, loss of use or loss of market.
***

**d. (1)** Wear and tear;
    **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
***

    **(4)** Settling,cracking, shrinking or expansion;
    **(5)** Nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals.
***

    **(7)** The following cause of loss to personal property:
        **(a)** Dampness or dryness of atmosphere;
        **(b)** Changes in or extremes of temperature; or
        **(c)** Marring or scratching.
But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

### SEVENTEENTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy:

2.    We will not pay for loss or damage caused directly or indirectly by any of the following.
***

    **f.**    Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.
***

    **j.**    Rain, snow, ice or sleet to personal property in the open.
***

    **m.**    Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss
***

### EIGHTEENTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy:

3.    We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c.  But if an excluded cause of loss that is listed in 3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.
a. Weather Conditions.  But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in paragraph 1. above to produce the loss or damage.
b. Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.
c. Faulty, inadequate or defective:
(1) Planning, zoning, development, surveying, siting;
(2) Design, specifications, workmanship, repair,

7

EXHIBIT C

FILED

2024 NOV 14  P 02:08
CIVIL
DISTRICT COURT

construction, renovation, remodeling, grading, compaction;
(3) Materials used in repair, construction, renovation or remodeling; or
(4) Maintenance;
of part or all of any property on or off the described premises.

## NINETEENTH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy:

**C. Limitations**
The following limitations apply to all policy forms and endorsements, unless otherwise stated:
**1.** We will not pay for loss of or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.
***
c. The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
(1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
(2) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.
* * *

## TWENTIETH DEFENSE

Coverage is precluded, in whole or in part, by the following language in the Policy:

**EXCLUSION- "VACANT" OR "UNOCCUPIED" PROPERTY**

This endorsement modifies insurance provided under the following:

BUILDING AND PERSONAL PROPERTY COVERAGE FORM

It is agreed that subpart **6. VACANCY** of part **E. Loss Conditions** of ISO form CP0010 is deleted and replaced by the following:

**6. Vacancy**

**a. Description of Terms**

(1) As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in (1)(a) and (1)(b) below;
(a) When this policy is issued to a tenant, and with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant. Such building is vacant when it does not contain enough business personal property to conduct customary operations.
(b) When this policy is issued to the owner of a building, building means the entire building, Such building is vacant when 70% or more of its square footage:
(i) is not rented; or
(ii) is not used to conduct customary operations.
(2) Buildings under construction or renovation are not considered vacant.

**b. Vacancy Provisions**

We will not pay for any loss or damage if the building where loss or damage occurs has been vacant or unoccupied for more than:

8

EXHIBIT C

FILED

2024 NOV 14  P 02:08

CIVIL
DISTRICT COURT

(1) 30 consecutive days before that loss or damage if caused by Vandalism (if it is Covered Cause of Loss);
(2) 60 consecutive days before that loss or damage if caused by any other Covered Cause of Loss;
whether or not such vacancy or unoccupancy due to circumstances that are usual or incidental to the described occupancy.
But we will pay if the building is unoccupied due to circumstances that are usual or incidental to the described occupancy.
This condition does not apply if the Vacancy Permit endorsement is attached.

### TWENTY-FIRST DEFENSE

Century has no duty to perform under the Policy, in whole or part, unless and until all terms, provisions, and conditions, including conditions precedent or subsequent, of the Policy have been satisfied.  The Policy conditions include, but are not limited to, those detailed in the provisions entitled "concealment, misrepresentation or fraud," "no benefit to bailee," "other insurance," "coinsurance," "policy period, coverage territory," "transfer of rights of recovery against others to us," "abandonment," "appraisal," "duties in the event of loss or damage," "legal action against us," "loss payment," and "vacancy."  To the extent an insured has not satisfied and/or has violated any conditions precedent or subsequent identified in the Policy, Century has no liability under the Policy.

### TWENTY-SECOND DEFENSE

Century has no duty to perform under the Policy, in whole or in part, to the extent the following conditions in the Policy have been violated and/or not satisfied:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM
### * * *

**3. Duties In The Event Of Loss Or Damage**
a.    You must see that the following are done in the event of loss or damage to Covered Property:
. . .
(1) Notify the police if a law may have been broken.
(2) Give us prompt notice of the loss or damage.  Include a description of the property involved.
(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.
(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance of Section I - Property.  However, we will not pay for any subsequent loss or damage resulting from a covered cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the Covered Property aside and in the best possible order for examination.
(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

9

E-Filed

EXHIBIT C

FILED

2024 NOV 14  P 02:08

CIVIL
DISTRICT COURT

(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by certain Limits, Conditions, and Provisions of the Policy, all of which are incorporated by reference as if fully set forth herein, and include but are not limited to, the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

\* \* \*

**C. Limits Of Insurance**
The most we will pay for loss or damage in any one occurrence is the applicable Limit Of Insurance shown in the Declarations.

\* \* \*

**4. Loss Payment**
   a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:
   (1) Pay the value of lost or damaged property;
   (2) Pay the cost of repairing or replacing the lost or damaged property, subject to b. below;
   (3) Take all or any part of the property at an agreed or appraised value; or
   (4) Repair, rebuild or replace the property with other property of like kind and quality, subject to b. below.
   We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.
   b. The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.

\* \* \*

   d. We will not pay you more than your financial interest in the Covered Property.

\* \* \*

   g. We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:
   (1) We have reached agreement with you on the amount of loss; or
   (2) An appraisal award has been made.

\* \* \*

**7. Valuation**
   We will determine the value of Covered Property in the event of loss or damage as follows:
   a. At actual cash value as of the time of the loss or damage, except as

E-Filed

**EXHIBIT C**

provided in **b.**, **c.**, **d.** and **e.** below.

**b.** If the Limit of Insurance for Building satisfies the Additional Condition, Coinsurance, and the cost to repair or replace the damaged building property is $2,500 or less, we will pay the cost of building repairs or replacement.

The cost of building repairs or replacement does not include the increased cost attributable to enforcement of or compliance with ordinance or law regulating the construction, use or repair of any property.

However, the following property will be valued at the actual cash value, even when attached to the building:

**(1)** Awnings or floor coverings;

**(2)** Appliances for refrigerating, ventilating, cooking, dishwashing or laundering; or

**(3)** Outdoor equipment or furniture.

* * *

**F. Additional Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**1. Coinsurance**

If a Coinsurance percentage is shown in the Declarations, the following condition applies:

**a.** We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declaration is greater than the Limit of Insurance for the property. Instead, we will determine the most we will pay using the following steps:

**(1)** Multiple the value of Covered Property at the time of loss by the Coinsurance percentage;

**(2)** Divide the Limit of Insurance of the property by the figure determined in Step **(1)**;

**(3)** Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step **(2)**; and

**(4)** Subtract the deductible from the figure determined in Step **(3)**.

We will pay the amount determined in Step **(4)** or the Limit of Insurance, whichever is less. For the reminder, you will either have to rely on other insurance or absorb the loss yourself.

* * *

**b.** If one Limit of Insurance applies to two or more separate items, this condition will apply to the total of all property to which the limit applies.

* * *

CP 00 10 10 12

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek to recover Business Income losses as there is no Coverage Form under this Policy.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Exclusion of Loss Due to Virus or Bacteria endorsement of the Policy, which is incorporated by reference as if fully set forth herein.

### TWENTY-SIXTH DEFENSE

Century has no duty to perform under the Policy, in whole or in part, to the extent the following condition in the Policy applies:

**A. CONCEALMENT, MISREPRESENTATION OR FRAUD**

This Coverage Part is void in any case of fraud by you as it relates

11

EXHIBIT C

FILED

2024 NOV 14  P 02:08
CIVIL
DISTRICT COURT

to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1.  This Coverage Part;
2.  The Covered Property;
3.  Your interest in the Covered Property; or
4.  A claim under this Coverage Part.

## TWENTY-SEVENTH DEFENSE

Century has no duty to perform under the Policy, in whole or in part, to the extent the following condition in the Policy:

> **F. NO BENEFIT TO BAILEE**
> No person or organization, other than you, having custody of Covered Property will benefit from this insurance.

## TWENTY-EIGHTH DEFENSE

No coverage exists under the Policy, in whole or in part, to the extent the following condition in the Policy applies:

> **G. OTHER INSURANCE**
> 1. You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable Limit of Insurance under this Coverage Part bears to the Limits of Insurance of all insurance covering on the same basis.
> 2. If there is other insurance covering the same loss or damage, other than that described in 1. above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

## TWENTY-NINTH DEFENSE

To the extent Century may have any liability under the Policy, that liability is subject to the limitations of liability, aggregates, and/or deductibles contained in the Policy or in any amendment or endorsement, all of which are incorporated by reference as if fully set forth herein.

## THIRTIETH DEFENSE

The claims in Plaintiffs' Petition are barred, in whole or in part, to the extent Plaintiffs failed to provide a sufficient proof of loss to Century.

## THIRTY-FIRST DEFENSE

Coverage is precluded, in whole or in part, by the exclusions set forth in the Cause of Loss – Special Form of the Policy, which is incorporated by reference as if fully set forth herein, which provides, in part:

> **A. Covered Causes of Loss**

12

EXHIBIT C

FILED

2024 NOV 14  P 02:08

CIVIL

DISTRICT COURT

When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

**B. Exclusions**

1. We will not pay for loss or damage caused directly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

   **a. Ordinance Or Law**

   The enforcement of or compliance with any ordinance or law:

   (1) Regulating the construction, use or repair of any property; or

   (2) Requiring the tearing down of any property, including the cost of removing its debris.

   This exclusion, Ordinance Or Law, applies whether the loss results from:

   (a) An ordinance or law that is enforced even if the property has not been damaged; or

   (b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

   **b. Earth Movement**

   * * *

   (4) Earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface.

   * * *

   **e. Utility Services**

   The failure of power, communication, water or other utility service supplied to the described premises, however caused, if the failure:

   (1) Originates away from the described premises; or

   (2) Originates at the described premises but only if such failure involves equipment used to supply the utility service to the described premises from a source away from the described premises.

   Failure of any utility service includes lack of sufficient capacity and reduction in supply.

   Loss or damage caused by a surge of power is also excluded, if the surge would not have occurred but for an event causing a failure of power.

   But if the failure or surge of power, or the failure of communication, water or other utility service, results in a Covered Cause of Loss, we will pay for the loss or damage caused by the Covered Cause of Loss.

   Communications services include but are not limited to service relating to Internet access or access to any electronic, cellular or satellite network.

13

EXHIBIT C

FILED

2024 NOV 14  P 02:08

CIVIL

DISTRICT COURT

\* \* \*

**b.** Delay, loss of use or loss of market.

\* \* \*

**d.** **(1)** Wear and tear;

    **(2)** Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

\* \* \*

    **(4)** Settling, cracking, shrinking or expansion;

    **(5)** Nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals.

    **(6)** Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision.

    **(7)** The following causes of loss to personal property:

        **(a)** Dampness or dryness of atmosphere;

        **(b)** Changes in or extremes of temperature; or

        **(c)** Marring or scratching.

    But if an excluded cause of loss that is listed in **2.d.(1)** through **(7)** results in a "specified cause of loss" or building glass breakage, we will pay for the loss or damage caused by that "specified cause of loss" or building glass breakage.

\* \* \*

**f.** Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

\* \* \*

**j.** Rain, snow, ice or sleet to personal property in the open.

**k.** Collapse, including any of the following conditions of property or any part of the property:

    **(1)** An abrupt falling down or caving in;

    **(2)** Loss of structural integrity, including separation of parts of the property or property in danger of falling down or caving in; or

    **(3)** Any cracking, bulging, sagging, bending, leaning, settling, shrinkage or expansion as such condition relates to **(1)** or **(2)** above.

But if collapse results in a Covered Cause of Loss at the described premises, we will pay for the loss or damage caused by that Covered Cause of Loss.

\* \* \*

**m.** Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in

**EXHIBIT C**

FILED

2024 NOV 14  P 02:08

CIVIL
DISTRICT COURT

3.a. through 3.c. results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

    **a.** Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph 1. above to produce the loss or damage.

    **b.** Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

    **c.** Faulty, inadequate or defective:

        (1) Planning, zoning, development, surveying, siting;

        (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        (3) Materials used in repair, construction, renovation or remodeling; or

        (4) Maintenance;

    of part or all of any property on or off the described premises.

### THIRTY-SECOND DEFENSE

Century has no liability under the Policy or applicable law for attorneys' fees, court costs, legal expenses, interest, and/or any other type of damages.

### THIRTY-THIRD DEFENSE

A bona fide controversy existed and continues to exist concerning Plaintiffs' entitlement to any additional insurance benefits from Century. Century and its employees, agents, representatives, and adjusters are entitled to value claims differently from Century's policyholders without facing bad faith or extra-contractual liability. Century would show that a bona fide controversy exists regarding the scope of any allegedly covered loss, the value of such loss, whether and the extent to which any asserted loss was the result of a covered loss, and whether the loss that Plaintiffs seek was even claimed.

### THIRTY-FOURTH DEFENSE

The claims against Century are barred, in whole or in part, to the extent that the Policy or any rights under the Policy have been assigned in contravention of the Policy's terms and conditions.

### THIRTY-FIFTH DEFENSE

The claims in Plaintiffs' Petition are barred, in whole or in part, to the extent Plaintiffs failed to mitigate, minimize, or avoid its alleged damages.

### THIRTY-SIXTH DEFENSE

Century has acted in good faith at all times and has properly and timely adjusted Plaintiffs'

15

EXHIBIT C

FILED

2024 NOV 14  P 02:08

CIVIL
DISTRICT COURT

claims. Century denies that it has breached any duty or acted arbitrary, capricious, and without probable cause.

### THIRTY-SEVENTH DEFENSE

The claims in Plaintiffs' Petition are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' Petition is barred and/or Plaintiffs' alleged damages, the fact and extent of which Century denies knowledge of, are reduced to the extent that Plaintiffs' alleged damages were the result of the contributory, comparative, or active fault of the insured or its agents, employees, attorneys, or representatives.

### THIRTY-NINTH DEFENSE

Century denies that all conditions precedent to suit have been met or have occurred. In particular, but without limitation, Century avers Plaintiffs have not complied with the Duties in the Event of Loss or Damage as set forth in the Policy. A genuine dispute exists over the cause and scope of the damages, and the repairs necessitated by the loss, and the coverage of the loss under the Policy. Century reserves all of its rights to the extent it has been prejudiced by the actions of Plaintiffs or those acting on Plaintiffs' behalf.

### FORTIETH DEFENSE

Plaintiffs have failed to submit a "satisfactory proof of loss" establishing that any additional amounts are due under the Policy. Further, service of the Petition is Century's first notice of several claims. Plaintiffs have not previously submitted claims for the losses it currently seeks including, loss of rents, business losses or any documents to support such claims.

### FORTY-FIRST DEFENSE

Century reserves the right to amend this answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the Policy that may become apparent during Century's ongoing investigation and discovery.

### PRAYER FOR RELIEF

**WHEREFORE,** Century denies that Plaintiffs are entitled to any of the relief that has been demanded and prays for judgment as follows:

1. That the Petition filed herein by Plaintiffs be dismissed at Plaintiffs' cost and with prejudice: and

16

EXHIBIT C

FILED

2024 NOV 14  P 02:08

CIVIL
DISTRICT COURT

2.  For such other equitable and legal relief as the Court may deem just and proper.

Respectfully Submitted:

/s/ _Céleste Laurie_

**Céleste D. Elliott, La. Bar No. 24068**
**Sarah C. Laurie, La. Bar No. 35719**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email: celliott@lawla.com
        slaurie@lawla.com
**Attorneys for Century Surety Company**

### CERTIFICATE OF SERVICE

I hereby certify that on this November 14, 2024, a copy of this pleading has been served on all counsel of record via the Court's CM/ECF filing system and/or via email.

/s/ _Sarah Laurie_
Sarah C. Laurie

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

17

E-Filed

**EXHIBIT C**